**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FORNETHA JUDGE,**

               **Plaintiff,**

**-vs-**                                             Case No. 6:10-cv-80-Orl-18GJK

**LELAND ENTERPRISES, INC., and
AFFORDABLE CITRUS GLEN
APARTMENTS,**

               **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT** (Doc. No. 2) |
| **FILED:** | **January 14, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice, Plaintiff be directed to file an amended complaint within twenty-one (21) days, and Plaintiff should be permitted to renew the motion when she files an amended complaint.

| | |
|---|---|
| **MOTION:** | **MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS**<br>**(Doc. No. 5)** |
| **FILED:** | **February 16, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS**<br>**(Doc. No. 6)** |
| **FILED:** | **March 15, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

## I.  Background.

On January 14, 2010, Fornetha Judge (the "Plaintiff") initiated this action *pro se* by filing a complaint (the "Complaint") against Leland Enterprises, Inc. and Affordable Citrus Glen Apartments (collectively, the "Defendants"). Doc. No. 1. On the same day, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit (the "Motion"). The one-page, handwritten complaint states the following:

> Citrus Glen/Leland Enterprises – The Complaint is Discriminating practices and retaliatory actions targeting my family Rizos/Judge Family (Family with children [with] disability).
>
> The target of management discrimination was [Plaintiff's son, A.V.R., a minor]. A patient at Lakeside Alternative . . . recipient for disable children (Citrus Glenn was unaware he was my son until we moved in).

> [A.V.R.] was on psychotropic medications from a psychiatrist.
>
> I receive a non-renewal of my lease on November 30, 2006.
>
> The statement from Cindy Schanne area manager was "I don't like you, and I don't like those children." Cindy Schanne stated this was the reason for a non-renewal. I complained to Fair Housing [and] Urban Development (HUD) on Feb[ruary] 22, 2007 and March 14, 2007, March 9, 2007. Citrus Glen/Leland Enterprise sought a writ of possession eviction. It was granted March 12, 2007 despite HUD notice of an investigation and statute 818 prohibiting retaliation delivered to corporate office Leland Enterprise.
>
> I lost custody of all 4 of my children, 2 children were given away until age 18 (documents included).

Doc. No. 1 at 2.[1]

Plaintiff attaches five documents to the Complaint: 1) An undated letter from Plaintiff to the United States Department of Housing and Urban Development ("HUD") requesting its reconsideration of a determination that there was "no reasonable cause" for a finding of violation under the Fair Housing Act (Doc. No. 1-1 at 1-2); 2) A notice dated September 6, 2006, from Citrus Glen Apartments notifying Plaintiff that her lease will expire on November 30, 2006, and the lease will not be renewed (Doc. No. 1-1); 3) An excerpt from a confidential state of Florida dependency case file pursuant to Chapter 39, Florida Statutes (Doc. No. 1-1 at 4); 4) A July 22, 2009, psychological evaluation of Plaintiff, which also appears to be part of the state dependency proceeding (Doc. No. 1-1 at 5); and 5) A correspondence from the state Dependency Case Coordinator to Plaintiff (Doc. No. 1-1 at 6);

## II. The Law.

### A. The Statute and Local Rules.

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915.[2] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2006) (formerly § 1915 (d)).[3]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be

---

[1] The Complaint and the documents attached thereto contain the full names of Plaintiff's minor children and other confidential documentation.

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[3] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in

appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

B.   **Federal Rule of Civil Procedure 8.**

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or difference types of relief. Fed.R.Civ.P. 8 (2010). Rule 8 requires that a pleading be simple, concise and direct. *Id.*

The Supreme Court has provided guidance on what constitutes a "well pled" complaint, requiring a plaintiff to supply more than just any conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Recently, the Supreme Court has explained the two prong approach to evaluating whether a complaint meets this standard:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127

---

good faith. 28 U.S.C. § 1915 (a)(3).

> S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted). . . .
>
> But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"--"that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S.Ct. 1937, 1949-50 (2009). Thus, while the Rule 8 pleading standard does not require detailed factual allegations, they demand more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555-56). A complaint must "state a claim for relief that is plausible on its face" and not merely conceivable. *Iqbal,* 129 S. Ct. at 1950-51.

### C. *Pro Se* Plaintiff

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). If Plaintiff continues *pro se*, she must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

### III. <u>Analysis.</u>

Plaintiff's complaint fails to comply with the rudimentary requirements set forth in Federal Rule of Civil Procedure 8. While it appears that Plaintiff may be seeking to bring an individual action against the Defendants alleging violations of the Fair Housing Act, 42 U.S.C. § 3613, Plaintiff's factual statements and allegations are vague and confusing. *See* Doc. No. 1. Moreover, the Complaint fails to request any specific relief. Doc. No. 1. Accordingly, the undersigned **RECOMMENDS** that the Court:

**1) DENY** the Motion (Doc. No 2) **without prejudice**;

**2)** Direct Plaintiff to file an amended complaint within twenty-one (21) days with the following instructions:

> In the amended complaint Plaintiff shall:
>
> A.    Place her full name in the style of the case on the first page and provide her full name and current address in the appropriate section at the end of the complaint;
>
> B.    Provide the full name and current address for each Defendant;
>
> C.    Exclude from the amended complaint and any documents attached thereto the full name or social security number of any minor children. Plaintiff

may use initials when referring to any minor children;

D. Specifically allege, in the body of the amended complaint, the basis upon which this Court has subject matter jurisdiction for each claim asserted;

E. Set forth each claim in a separate count;

F. Provide a short plain statement of facts as to each claim and each Defendant's involvement in the violation alleged in each claim;

G. State how Plaintiff has been damaged, harmed, or injured by the actions and/or omission of the Defendant(s); and

H. Set forth a clear statement of the relief sought for each claim.

**3)** Provide Plaintiff with an opportunity to renew the motion to proceed in forma pauperis when she files her amended complaint; and

**4) DENY** the motions for extension of time to serve the summons (Doc. Nos. 5-6) as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

**RECOMMENDED** in Orlando, Florida on April 7, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Certified Mail**